■ URMILLA BHUPSINGH, Appellant, v LONG ISLAND CREMATION Co., Defendant, and S.J. ROMANELLI FUNERAL HOME, INC., Respondent. [723 NYS2d 106] —In an action to recover damages for negligent infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated January 24, 2000, which granted the motion of the defendant S.J. Romanelli Funeral Home, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered March 9, 2000, upon the order dismissing the complaint insofar as against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision severing the action against the remaining defendant; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Upon the death of her husband, the plaintiff contacted the defendant S.J. Romanelli Funeral Home, Inc. (hereinafter Romanelli), and informed it that she wished the remains of her husband to be cremated, and the ashes returned to her. Romanelli transferred the remains of the deceased to the defendant Long Island Cremation Co. (hereinafter LIC), an independent contractor, which performed the cremation. Despite instructions from Romanelli that it would pick up the ashes, LIC gave the ashes to the decedent's son from a prior marriage. The plaintiff was unable to recover the ashes, and commenced this action against the defendants.

The Supreme Court properly granted summary judgment to Romanelli. After it made out a prima facie case for summary judgment, the plaintiff did not raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the improper release of the decedent's ashes resulted from negligence on their part.

The plaintiff's remaining contentions are without merit. Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.